# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PARISH M. GOLDEN,

                Plaintiff,

v.

DAVID LONGSINE, JEREMY LEIRMO,
C.O. DILLENBERG, C.O. DODD,
C.O. TUOMI, C.O. GIFFIN, and
CAPTAIN PUSICH,

                Defendants.

Case No. 13-CV-66-JPS

ORDER

        The plaintiff in this case, Parish Golden, is no stranger to the judicial system. According to a search for his name on PACER, he has filed no less than eight separate cases in Wisconsin's federal courts within the last twenty years.

        Yet, despite his familiarity with the court system, Mr. Golden seems to struggle to abide by the rules of the Court. In this case, for instance, Mr. Golden did not timely respond to the defendants' motion for summary judgment (Docket #24), but instead filed a motion for an extension of time, which the Court granted. (Docket #36). Mr. Golden then failed to timely file his response even within the extended time period, despite the Court's warning that the Court would not grant any additional extensions. (Docket #37). Nonetheless, the Court provided Mr. Golden with an additional seven days to file his response or face dismissal. (Docket #38). Mr. Golden still did not file his brief. (*See* Docket #39). With the jury trial drawing extremely near, the Court could not wait any longer to receive Mr. Golden's brief, and so it dismissed the case. (Docket #37).

Of course, the Court's dismissal finally got Mr. Golden's attention, and more than two weeks later Mr. Golden filed a motion to alter or amend the Court's judgment. (Docket #41). In support of his motion, Mr. Golden makes several arguments, none of which persuade the Court that it should alter its judgment.

First, Mr. Golden argues that the Court improperly granted summary judgment on the basis of Mr. Golden's failure to respond to the defendants' summary judgment motion. (Docket #41, at 1). He is incorrect. To be sure, in dismissing this case, the Court did discuss its ability to impose sanctions such as dismissal under Civil Local Rule 83(f) and to deem all of the defendants' proposed material facts true due to Mr. Golden's failure to respond, which would justify summary judgment in the defendants' favor. (Docket #39, at 2). Even if either of those statements were incorrect—and the Court does not believe that to be the case[1]—Mr. Golden ignores the Court's first justification for dismissal: its inherent authority to dismiss an action for failure to prosecute, which served as the primary justification for dismissal. (Docket #39, at 1–2 (*citing Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); Fed. R.

---

[1]Mr. Golden is correct that the Court cannot grant summary judgment on the basis of default alone, even due to a complete failure to respond. *See, e.g., Boyd v. Habeck*, Case No. 11-CV-609, Docket #86, at 2 (citing Fed. R. Civ. Pro. 56(e) advisory committee note to 2010 amendments). But that is not what the Court said, nor is it what the Court did, in this case. Rather, the Court merely acknowledged that it could find the defendants' proposed facts uncontroverted. With those uncontroverted facts in hand, the Court believed that summary judgment would be correct as a matter of law; because the Court ultimately relied on other reasons to dismiss the case, though, it did not wade into that more detailed analysis.

Civ. P. 41(b))). Therefore, Mr. Golden not having called into question the Court's legal justification for dismissal, his argument in this regard fails.

Second, Mr. Golden asserts that he actually filed his response on December 1, 2013. (Docket #41, at 1). In support of this contention, Mr. Golden has filed what he claims to be a certificate of service showing that he sent his response on December 1, 2013. (Docket #42). He has also filed the declaration of a fellow inmate, who attests to the allegation that Mr. Golden placed his response in the mailbox on December 1, 2013. (Docket #43). Despite those submissions, Mr. Golden's argument fails. To begin, there is absolutely no record that this Court or the Clerk of Court ever received Mr. Golden's response. In itself, that could be understandable; sometimes mail gets lost or misplaced. And, if that were the case, then the Court would certainly reconsider its dismissal order. But the Court was not the only entity that did not receive Mr. Golden's alleged response. Rather, the state likewise did not receive a response, and filed an affidavit from one of its employees attesting to that fact. (Docket #44). Additionally, the state did its due diligence and submitted evidence showing that Mr. Golden did not make a postage request at any time around December 1, 2013. (Docket #47). Mr. Golden counters that he used postage-paid envelopes, and has submitted a receipt showing a purchase in that regard. (Docket #49, #50). But, Mr. Golden's receipt establishes only that he purchased a total of ten prepaid envelopes before December 1, 2013. He claims, however, that he used twenty-four envelopes to send his response materials on that date. Taken together, all of this evidence shows that Mr. Golden did not submit a response on December 1, 2013, as he now alleges. The Court, therefore, finds that this does not present a good reason for it to reexamine its dismissal.

Third, Mr. Golden asserts that he did not receive the Court's December 11, 2013 order requiring him to file a response within seven days. (Docket #41, at 1). Even assuming this to be true, it would not justify altering or amending the Court's judgment. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." *In re Nora*, 417 Fed. App'x 573, 575 (7th Cir. 2011) (internal quotations omitted). Mr. Golden was bound to abide by the local rules and the Court's rulings; thus, when the Court granted his motion for an extension but informed him that no further extensions would be granted, Mr. Golden was on notice that he would have to timely file his response. He failed to do so. The Court's December 11, 2013 order was a mere courtesy, offering Mr. Golden one final chance to comply. Even so, there have not been issues with other deliveries in this case; Mr. Golden has not claimed that he did not receive any of the Court's other communications, and the Court is in receipt of everything Mr. Golden has sent. Moreover, Mr. Golden knows very well how to receive a copy of the docket sheet (he has asked for a copy four times in this case, alone (Docket #18, #45, #48, #51)). If, for some reason, Mr. Golden was confused about the deadline to answer, he should have requested a copy of the docket sheet. Simply put, Mr. Golden's alleged failure to receive the Court's December 11, 2013 order is neither well–supported, nor would it be reason enough for the Court to alter or amend its dismissal order.

Finally, Mr. Golden seems to intone that the defendants have engaged in some conspiracy against him. (Docket #41, at 1–2). In this regard, Mr. Golden states that "[s]omething is wrong, and I believe it is because my summary judgment reply shows that" one of the declarations filed by the defendants was an attempt to "commit fraud on the court and perjury." (Docket #41, at 1). There is no evidence, whatsoever, that the defendants are lying or misrepresenting anything to the Court. Meanwhile, the Court received docketed documents submitted by Mr. Golden in another case during the same time period, making it hard to believe, much less accept, as true that anyone was tampering with Mr. Golden's mail. *See Golden v. Baenen*, No. 12-CV-1270, Docket #43, #44 (filings from December 6, 2013) Mr. Golden's wholly conclusory allegations in this regard do not support his motion to amend.

For all of these reasons, the Court is obliged to deny Mr. Golden's motion to alter or amend the Court's dismissal order.

Accordingly,

IT IS ORDERED that Mr. Golden's motion to alter or amend the Court's dismissal order (Docket #41) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 14th day of February, 2014.

BY THE COURT:

*[signature]*

J.P. Stadtmueller
U.S. District Judge